UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

Amber Creel,

        Plaintiff,

v.

GC Services, L.P.; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: 6:13-cv-00374-FHS

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For this Complaint, Plaintiff, Amber Creel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Amber Creel ("Plaintiff"), is an adult individual residing in Tahlequah, Oklahoma, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and

whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8.Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,000.00 (the "Debt") to the Oklahoma Guaranteed Student Loans (the "Creditor").

9.The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11.Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. GC Engages in Harassment and Abusive Tactics**

12.Within the last year, GC placed as many as three (3) calls per day to Plaintiff in an attempt to collect the Debt.

13.On several occasions, Plaintiff answered GC's calls only to have the calls immediately terminated.

14.On other occasions, when Plaintiff was able to speak with a representative, GC failed to identify the name of its company and failed to inform Plaintiff that the reason for its calls was debt collection.

15.GC also refused to let Plaintiff explain that she was already making payments

2

toward the Debt on the 15th of each month.  GC then continued to hound Plaintiff with telephone calls in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that the communications were an attempt to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTRUSION UPON SECLUSION

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Oklahoma state law recognizes Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, Defendants violated Oklahoma state law.

29. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to Plaintiff's cellular telephone.

30. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

31. The conduct of Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly objectionable to a reasonable person.

32. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

33. All acts of Defendants and its agents were committed with malice, intent,

wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and intentional and/or reckless invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

Dated: August 21, 2013

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: slemberg@lemberglaw.com
Attorneys for Plaintiff